# BRUNER, BROTHERS vs. JAMES STRONG, ET AL.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

Appeal from Lamar county.

The answer to which the demurrers were urged, must be considered with reference to the petition to which it was an answer.

There being no pleading which put in issue the due execution of the instrument sued on, of date June 8, 1882 ; the question is, did the facts stated in the answer constitute a defense which could be urged against the action based on that agreement.

It is a general rule that all evidence in regard to conversation which may have been had between parties, before reducing an agreement to writing, which may have resulted in a written contract clear in its terms, is inadmissible for the purpose of giving to a written contract a meaning other than that conveyed by the language in which the parties have selected to evidence their intention.

1 Greenleaf, 275.

Self vs. King, 28 Texas, 553.

Jackson vs. Stockbridge, 29 Texas, 395.

Wooters vs. I. & G. N. R. R. Co., 54 Texas, 294.

When fraud, accident or misstake has intervened, and has prevented the use of such language as was intended to convey the real meaning and intention of the parties, then this may be shown.

In the case before us, it is not pretended that the agreement which the parties made in writing does not express the intention of the respective parties ; but it is contended that the agreement was not to be operative between the parties, unless the appellant gave to the appellee, Strong, such information as would enable him to buy and deliver cattle at such price and expense as to realize to himself a net profit of one dollar per head on the cattle, out of the price which the appellants agreed to pay.

Such is not the legal effect of the written agreement.

Under it Strong certainly agreed to deliver the cattle absolutely ; but on the face of the instrument it appears, in case he could not make, under the contract price first named, a profit of one dollar per head, that, then, without reference to whether he made profit, or suffered loss, he was to deliver the cattle at the advanced price

named. The agreement itself precludes the idea of any representation, by the appellants, which was intended or understood by the parties to be the foundation on which the contract was made ; and this being true, we are of the opinion that the court erred in overruling the demurrers which revert to so much of the answer as sought to avoid liability on the ground that the appellants failed to give to Strong such information as would enable him to buy and deliver him the cattle, and thereon make a net profit of one dollar per head.

If we look to the evidence in the case it is rendered more certain, if possible, than by the written contract, that the parties did not rely upon the information which the appellants were to give Strong as to where he could buy cheap cattle ; for upon request by Strong that the information to be given should amount to a guarantee that the cattle could be so bought as to enable him to make the named profit, such guaranty or assurance was denied, after which the written agreement was made.

The judge who tried the case found, that the representations made by the appellants to Strong in reference to where he could buy cattle so as to fill his contract with them, and make the contemplated profit, were made in good faith ; if so, and the appellee was informed before he executed the written contract, that the appellants would not guarantee or be bound by the representation which they made, then he must be held to have known that the representations were made as mere matter of opinion, upon which, if he relied, he must do so at his own peril.

If a representation be made by one contracting party to another, in reference to a matter affecting the contract, and the person to whom it is made be informed that the other will not be bound by such representation ; then, if it proves untrue, it is not such misrepresentation as amounts to fraud that will invalidate a contract, for such representation cannot be fraudulent [if believed to be true, for the party to whom it is made, has no right to rely upon it, when the other informs him that he does not intend to be bound by it.

Jackson vs. Stockbridge, 29 Texas, 295.

Wooters vs. I. & G. N. R. R. Co., 54 Texas, 294.

Bigham vs. Bigham, 57 Texas, 238.

Belcher vs. Mullhall, 57 Texas, 20.

Story's Equity, 191–203.

We are, therefore, of the opinion, that on the facts proved, outside of what appears in the face of the written contract, it must be held that there was no such misrepresentation in regard to the matter as would invalidate the contract ; and that judgment should have been rendered for the appellants, not only for the nine hundred dollars still in the hands of Strong, of the money advanced to him by appellants, with interest at the rate of eight per cent per annum thereon, from the first day of August, 1882 ; but that the court should also have rendered judgment in favor of appellants for sixteen hundred and sixty-four dollars, with interest thereon from the the same date at the same rate, for the failure of the appellees to deliver eight hundred and thirty-four head of the cattle which he contracted to deliver, the judge who tried the cause having found that the cattle at the time and place of delivery were worth two dollars per head more than the contract price.

The judgment of the court below will therefore be reversed, and such judgment here rendered as the court below should have rendered, and it is accordingly so ordered.

Opinion by Stayton, Associate Justice.